UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROLLS-ROYCE CORPORATION, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-1448-LJM-WTL |
| | ) | |
| AVIDAIR HELICOPTER SUPPLY, INC., | ) | |
|     Defendant. | ) | |
| _____ | ) | |
| AVIDAIR HELICOPTER SUPPLY, INC. | ) | |
|     Plaintiff, | ) | |
| | ) | (Consolidated cause) |
| vs. | ) | 1:07-cv-0077-LJM-JMS |
| | ) | |
| ROLLS-ROYCE CORPORATION, | ) | |
|     Defendant. | ) | |

**ORDER ON DEFENDANT'S RENEWED & SUPPLEMENTAL
MOTION TO DISMISS OR TRANSFER**

    This cause is now before the Court on defendant's, AvidAir Helicopter Supply, Inc. ("AvidAir") Renewed and Supplemental Motion to Dismiss or Transfer Rolls-Royce Corporation's ("Rolls-Royce") Amended Complaint. AvidAir contends that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)") for lack of personal jurisdiction or, in the alternative, pursuant to 28 U.S.C. § 1404(a), this cause should be transferred to the U.S. District Court for the Western District of Missouri, where part of this action was transferred from earlier this year. Rolls-Royce asserts that this Court has jurisdiction over AvidAir under the "effects test" first enunciated by the U.S. Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984).

    For the reasons stated herein, the Court **GRANTS** AvidAir's motion to dismiss and **TRANSFERS** this cause to the U.S. District Court for the Western District of Missouri.

## I. BACKGROUND

Rolls-Royce is a Delaware corporation with a principal place of business in Indianapolis, Indiana. Am. Compl. ¶ 1. A former division of General Motors Corporation, Rolls-Royce is the owner of certain intellectual property for the Model 250 series of gas turbine engines and parts. *Id.* According to the Amended Complaint, this intellectual property includes different categories of documents that instruct how to repair or salvage certain engine parts or systems. *Id.* ¶ 5. These documents are referred to as the "RRC Technology." *Id.*

AvidAir is a Missouri corporation with its principal place of business in Summit, Missouri. *Id.* ¶ 2. AvidAir is a certified helicopter maintenance and/or repair center. *Id.* It apparent from the discovery completed that AvidAir possesses certain documents included within the RRC Technology. *Id.* ¶ 16. However, Rolls-Royce asserts that AvidAir is not authorized to acquire, use, duplicate, transfer, distribute, or possess the RRC Technology. *Id.* ¶¶ 14 & 15. Rolls-Royce claims that AvidAir's possession of these materials is a violation of several state and federal laws. *Id.* ¶¶ 29-54.

AvidAir claims that the RRC Technology it possesses has been in the public domain; therefore, it has not violated any state or federal laws. AvidAir Compl. ¶ 34-36. Moreover, AvidAir claims that Rolls-Royce has engaged in anti-competitive behavior vis-a-vis the RRC Technology. *Id.* ¶¶ 37-63.

## II. PERSONAL JURISDICTION STANDARD

When a defendant challenges personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff bears the burden of demonstrating jurisdiction exists. *Health Mgmt. Prof'ls, Inc. v. Diversified Bus.*

*Enters., Inc.*, 882 F. Supp. 795, 797 (S.D. Ind. 1995). A court may receive and consider affidavits and other documentary evidence when making a ruling regarding jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997); *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1124 (7th Cir. 1983). However, the Court must accept as true all of a plaintiff's undenied factual assertions and resolve in its favor any disputes regarding relevant facts. *See RAR, Inc.*, 107 F.3d at 1275; *Neiman v. Rudolf Wolff & Co.*, 619 F.2d 1189, 1191 (7th Cir. 1980).

Jurisdiction exercised on the basis of a federal statute that does not authorize national service of process requires a federal district court to determine if a court of the state in which it sits could have personal jurisdiction. *See Search Force, Inc. v. Dataforce Int'l, Inc.* 112 F. Supp. 2d 771, 774 (S.D. Ind. 2000).[1] Indiana's jurisdiction statute is Indiana Trial Rule 4.4(A) ("Rule 4.4(A)"). Rule 4.4(A) designates eight bases for a defendant's contacts that would allow the Court to move to the constitutional inquiry. Ind. Tr. R. 4.4(A). Rule 4.4(A) was amended effective January 1, 2003, to include the following: "[A] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States." In 2006, the Indiana Supreme Court clarified that

> [t]he 2003 amendment to Indiana Trial Rule 4.4(A) was intended to, and does, reduce the analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause. Retention of the enumerated acts found in Rule 4.4(A) serves as a handy checklist of activities that

---

[1] The Lanham Act, upon which Rolls-Royce bases its federal claims, does not authorize nationwide service of process. *See Search Force*, 112 F.Supp.2d at 775 n. 8 (citing 15 U.S.C. § 1121(a); *Johnson v. Worldwide Assocs., Inc.*, 12 F.Supp.2d 901, 906 (E.D. Wis. 1998)). A federal court sitting in diversity performs the same analysis. *See Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 713 (7th Cir. 1998) ("A federal district court exercising diversity jurisdiction has personal jurisdiction over a nonresident only if a court of the state in which it sits would have such jurisdiction.").

usually support personal jurisdiction but does not server as a limitation on the exercise of personal jurisdiction by a court in this state.

*LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006). Thus, this Court has personal jurisdiction over AvidAir to the limit allowed by the Due Process Clause of the Fourteenth Amendment.

The Due Process Clause requires that AvidAir have had "minimum contacts with [Indiana] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). AvidAir's contacts must be purposeful and create a "substantial connection" with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

> [W]here the defendant "deliberately" has engaged in significant activities within a State, . . . or has created "continuing obligations" between himself and the residents of the forum, . . . he manifestly has availed himself of the privilege of conducting business, and because his activities are shielded by "the benefits and protections" of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

*Id.* at 475-76. (citations omitted).

Specific jurisdiction exists when the litigation arises from the business conducted in the forum state.[2] Specific jurisdiction comports with due process where the defendant, from its activities in the forum state, should have anticipated being haled into court in that state and "purposefully availed" itself of the "privilege of conducting activities" in Indiana. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). It must be the activity of AvidAir in the forum state that creates jurisdiction, not the conduct of Rolls-Royce or a third party. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*,

---

[2]Rolls-Royce does not argue that the Court has general jurisdiction over AvidAir.

338 F.3d 773, 780 (7th Cir. 2003). AvidAir argues that it did not have contacts in Indiana of the character, quality or consistency required to establish jurisdiction.

### III. DISCUSSION

Rolls-Royce contends that jurisdiction over AvidAir is proper in this case because the Seventh Circuit has adopted a broad view of the "effects test" for specific personal jurisdiction over a non-resident defendant set forth in the Supreme Court decision *Calder v. Jones*, 465 U.S. 783 (1984). *See Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997); *Indianapolis Colts, Inc. v. Metro. Baltimore Football Club Ltd.*, 34 F.3d 410, 411-12 (7th Cir. 1994). In this case, Rolls-Royce argues, AvidAir has engaged in numerous torts that harmed Rolls-Royce when it misappropriated, and continues to misappropriate, the RRC Technology. Moreover, Rolls-Royce asserts that AvidAir's continued sales of salvaged Rolls-Royce compressor cases will have an impact on Rolls-Royce in Indiana.

AvidAir counters that its contacts with Indiana are not purposeful such that it comports with traditional notions of fair play and substantial justice to hail it into an Indiana court. Specifically, AvidAir argues that the Court should follow the Seventh Circuit's opinion in *Wallace v. Herron*, 778 F.2d 391 (7th Cir. 1985), *cert. denied*, 475 U.S. 1122 (U.S. 1986), rather than its opinion in *Janmark*, to find that Rolls-Royce's injury allegations are not enough to satisfy the minimum contacts requirements of personal jurisdiction.

The Court concludes that Rolls-Royce has failed to show that AvidAir has the minimum contacts necessary for this Court to exercise personal jurisdiction over AvidAir. Unlike in either the "effects test" cases relied upon by the parties, AvidAir has not purposefully made any contacts with

the State of Indiana: it has never solicited business in Indiana, it has never sold any reconditioned parts in Indiana, it has not contracted for any services in Indiana, nor has it made contact with Rolls-Royce in Indiana for any purpose other than defending this law suit. Rather, those contacts are fortuitous in that the RRC Technology that it has availed itself of in Missouri for nearly two decades belongs to a company with its principal place of business in Indiana. *Accord Wallace*, 778 F.2d at 394 (reminding litigants that the *Calder* Court never intended a defendant with no contacts with the forum to be haled into a foreign court). To exercise jurisdiction over AvidAir under the circumstances here, would offend traditional notions of fair play and substantial justice because there is no evidence that AvidAir has any contacts with Indiana.

Although the Court lacks jurisdiction over Avid-Air, pursuant to 28 U.S.C. § 1404(a), in the interests of justice the Court will transfer this cause to the U.S. District Court for the Western District of Missouri.

## IV.  CONCLUSION

For the reasons stated herein, the Court **GRANTS** defendant's, AvidAir Helicopter Supply, Inc. ("AvidAir") Renewed and Supplemental Motion to Dismiss or Transfer Rolls-Royce Corporation's Amended Complaint for lack of personal jurisdiction and, pursuant to 28 U.S.C. § 1404(a), in the interests of justice, the Court **TRANSFERS** this cause to the U.S. District Court for the Western District of Missouri.  The Clerk of the Court shall transfer this cause and the pleadings filed under Cause Number 1:07-cv-0077-LJM-JMS to the U.S. District Court for the Western District of Missouri.

IT IS SO ORDERED this 12th day of September, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Rebecca Biller Elmore
KRIEG DEVAULT
relmore@kdlegal.com

Max W. Hittle Jr.
KRIEG DEVAULT, LLP
mhittle@kdlegal.com

Jason Aaron Penninger
KRIEG DEVAULT
jpenninger@kdlegal.com

Alastair J. Warr
KRIEG DEVAULT
awarr@kdlegal.com

Edward A. McConwell Sr.
ed@mcconwell.com